UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEN WILLIAMS                                                             CIVIL ACTION

VERSUS

STEVE RADER, ET AL                                                 NO. 09-139-D-M2

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, August 11, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KEN WILLIAMS**                                                    **CIVIL ACTION**

**VERSUS**

**STEVE RADER, ET AL**                                              **NO. 09-139-D-M2**

**MAGISTRATE JUDGE'S REPORT**

This matter is before the Court on the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Ken Williams ("Williams"). The State has filed an opposition (R. Doc. 8) to Williams' petition.

**PROCEDURAL BACKGROUND**

Williams was charged by bill of information with armed robbery and attempted second-degree murder in violation of La. R.S. 14:64, La. R.S. 30:1, and La. R.S. 27 in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. He waived formal arraignment and pled not guilty to the charges against him. He was subsequently tried by jury, and on May 17, 2000, he was found guilty of armed robbery and not guilty of attempted second-degree murder. On September 18, 2000, Williams was sentenced to twenty (20) years imprisonment at hard labor without the benefit of parole, probation or suspension of sentence on the armed robbery conviction.

Williams appealed his conviction and sentence, both of which were affirmed by the First Circuit Court of Appeals on December 28, 2001. Williams did not timely seek writs to the Louisiana Supreme Court concerning the First Circuit's affirmation of his conviction and sentence. Instead, over two (2) years later, on March 2, 2004, he filed an "out-of-time" writ application with the Louisiana Supreme Court. Such writ application was denied on December 17, 2004.

1

Approximately two (2) years later, on December 11, 2006, Williams filed a post-conviction relief application in state court. He filed a "motion to amend" that application on March 7, 2007. On June 26, 2007, Commissioner Rachel Morgan of the 19th Judicial District Court recommended that Williams' post-conviction relief application and "motion to amend" memorandum be dismissed, and the state trial court adopted that recommendation on July 24, 2007. Williams sought writs to the First Circuit concerning the state trial court's denial of his post-conviction relief application. That writ application was denied on September 17, 2007. Williams then attempted to file a writ application with the Louisiana Supreme Court; however, that application was returned to him unfiled on November 7, 2007 because he did not provide the Supreme Court with the proper documentation to consider his application. On or about November 18, 2007, Williams resubmitted his writ application to the Louisiana Supreme Court, and that application was denied on September 19, 2008.

On August 26, 2008, Williams filed a second post-conviction relief application with the state trial court. As with his first application, he filed a "motion to amend" that application on November 13, 2008. As of this date, no recommendation has been issued by the state trial court's commissioner concerning Williams' second post-conviction relief application.

Williams then filed his present habeas petition on or about March 11, 2009. The State opposes such petition and contends that it should be dismissed because it is untimely and procedurally defaulted.

## **LAW & ANALYSIS**

The time period during which a habeas corpus petitioner must file an application for relief is set forth in 28 U.S.C. § 2244(d)(1) and (2), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1) and (2). To be considered "properly filed" for purposes of §2244, an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 1811, 161 L.Ed.2d 669 (2005), citing *Artuz v. Bennett*, 531 U.S. at 8, 11, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

The armed robbery conviction and sentence that Williams is challenging herein

3

became final, based upon the conclusion of direct review, on January 27, 2002, because the First Circuit Court of Appeals affirmed his conviction and sentence thirty (30) days earlier on December 28, 2001, and Williams failed to timely file a writ application with the Louisiana Supreme Court seeking review of the First Circuit's decision. Over four (4) years and ten (10) months of untolled time then elapsed between January 27, 2002 and the date that Williams filed his first state post-conviction relief application on December 11, 2006.[1] Accordingly, the one (1) year AEDPA limitations period had already expired at that point, rendering his present habeas claims filed several years later untimely.[2]

Williams concedes that his habeas petition is untimely;[3] however, he asserts that he

---

[1] Because Williams' "out-of-time" writ application filed with the Louisiana Supreme Court on March 2, 2004 (seeking review of the First Circuit's affirmation of his conviction and sentence) is a matter of "direct review" and not a "properly filed application for State post-conviction or other collateral review," the pendency of that writ application did not toll the one (1) year AEDPA limitations period under 28 U.S.C. §2244(d)(1) and (2). Furthermore, even if the filing of that application had tolled the one (1) year limitations period, over two (2) years had already elapsed between the finality of Williams' conviction and sentence on January 27, 2002 and the filing of that "out-of-time" writ application on March 2, 2004. Thus, consideration of the filing of that writ application would not render his habeas petition timely in any event.

[2] Although the pendency of proceedings relating to Williams' first post-conviction relief application tolled AEDPA's time limitation until October 17, 2007 (thirty (30) days after the First Circuit denied writs with respect to that application). Another ten (10) months of untolled time elapsed between October 17, 2007 and the date that Williams filed his second post-conviction relief application on August 26, 2008, which application is still pending before the state trial court. Thus, in total, when the four (4) years and ten (10) months between the finality of his conviction and sentence (on January 27, 2002) and the date Williams filed his first state post-conviction relief application (December 11, 2006) is added to the ten (10) months that elapsed between the pendency of his first and second state post-conviction relief proceedings, over five (5) years of untolled time under AEDPA elapsed before he filed his present habeas petition.

[3] *See,* Williams' habeas petition, R. Doc. 1-2, p. 4 (stating, "[u]nfortunately, Petitioner was and is time barred from filing federal habeas corpus according to the general application of the AEDPA").

is entitled to "equitable tolling" on two (2) grounds. First, he contends that he is entitled to such tolling because his appellate counsel did not diligently advise him of the status of his appeal. Secondly, he asserts that, because of his ignorance and lack of training in the law (specifically, with respect to AEDPA), the limitations period should be equitably tolled. Neither of those grounds, however, are sufficient to save his claims from the AEDPA time bar.

A court may only toll the AEDPA limitations period under "rare and exceptional circumstances" and where the petitioner has "diligently pursue[d] his §2254 relief." *Texada v. Cain*, 2008 WL 400255 (5th Cir. 2008), citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). The doctrine "applies principally where the plaintiff is actively misled . . . about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coker v. Quarterman*, 2008 WL 724042 (5th Cir. 2008). The Fifth Circuit Court of Appeals has expressly recognized that "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

In his habeas petition, Williams contends that, during the pendency of his appeal, communications with his appellate counsel, Mr. Murphy Bell ("Mr. Bell"), decreased and that there was not "any mail or communication that proceeded in writing" relative to the status of his appeal and whether it was actually filed. Essentially, what Williams alleges is "mere attorney error or neglect;" he has not alleged or produced any evidence that Mr. Bell "actively misled" him relative to the status of his appeal. In fact, the State has referred to evidence demonstrating to the contrary. Specifically, the State refers to a February 18, 2002 mailing from Williams to the state trial court, wherein Williams admits that Mr. Bell

5

informed him of "what[']s done" relative to his appeal but that his counsel would not turn over his appellate briefs because Williams' godmother had not paid his legal fees. Thus, it appears that Williams was aware of the status of his appeal as of February 18, 2002, within a month of his conviction and sentence becoming final on January 27, 2002, and could have taken action with respect to his claims at that point. Instead, Williams waited over two (2) years to file his "out-of-time" writ application with the Louisiana Supreme Court and over four (4) years before filing his first state post-conviction relief application in December 2006. That can hardly be considered "diligent pursuit" of the claims that are now asserted in his present habeas petition.

Moreover, even assuming Mr. Bell failed to inform Williams of the status of his appeal or "actively misled" him in that regard, the Court still finds that the equitable tolling to which Williams would be entitled based upon that lack of information would not render his habeas petition timely. Williams has admitted in his habeas petition that he was informed of the status of his appeal through a January 10, 2003 letter from James H. Looney of the Louisiana Appellate Project. That letter advised Williams that his appeal was decided on December 28, 2001, and that Mr. Bell had the records relative to his appeal. Despite transmission of that information to Williams on January 10, 2003, Williams nevertheless waited over a year to file his "out-of-time" writ application relating to his appeal with the Louisiana Supreme Court on March 2, 2004 and waited over three (3) years to file his first state post-conviction relief application in December 2006 pursuing the claims he now asserts in his present habeas petition. Again, such pursuit of his claims is hardly

"diligent."[4]

Finally, relative to Williams' claim that he is entitled to equitable tolling because of his ignorance of the one (1) year limitations period under AEDPA, which allegedly did not become clear to him until 2007, it is well-settled that "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Gonzales v. Wilkinson*, 2008 WL 686599 (5th Cir. 2008), quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999); *Baker v. Cain*, 2008 WL 3243993 (5th Cir. 2008), quoting *Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2006)("[I]gnorance of the law, 'however understandable,' rarely qualifies as extraordinary circumstances" sufficient to warrant equitable tolling). Considering that AEDPA was in effect well before Williams' conviction and sentence became final, the Court finds no justifiable reason for Williams' failure to educate himself about the one (1) year limitation period contained therein until eleven (11) years after that statute went into effect.[5] Furthermore, as the State points out in its opposition, the fact that Williams was able to file voluminous *pro se* post-conviction applications and motions and that he admits to having interactions with inmate counsel relative to his case greatly diminishes or negates the possibility that he lacked access to and was unable to learn of the AEDPA limitations period in a timely fashion. Accordingly,

---

[4] Even if Williams did not receive the January 10, 2003 letter from Mr. Looney, the record indicates that a copy of that letter was sent to him again by Mr. Looney on October 23, 2003. Thus, at the absolute latest, Williams had notice of the status of his appeal following that October 2003 letter, and he nevertheless failed to file his "out-of-time" writ application with the Louisiana Supreme Court until March 2004 and his first post-conviction relief application until December 2006.

[5] AEDPA became effective on April 24, 1996, and Williams claims he did not become aware of the one (1) year statute of limitations contained therein until 2007.

the Court finds that Williams is not entitled to the benefit of equitable tolling on either of the grounds he has asserted and that his present habeas petition should therefore be dismissed with prejudice as untimely-filed.

### RECOMMENDATION

For the above reasons, it is recommended that the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Ken Williams, should be **DISMISSED WITH PREJUDICE** as untimely-filed.

Signed in chambers in Baton Rouge, Louisiana, August 11, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**